SEAN SULLIVAN (CA State Bar No. 229104)
SPENCER PERSSON (CA State Bar No. 235054)
MONICA GIBBONS (CA State Bar No. 348888)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111-4701
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: seansullivan@dwt.com
spencerpersson@dwt.com
monicagibbons@dwt.com

Attorneys for Defendant MASHABLE, INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN FREGOSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MASHABLE, INC.,<br><br>Defendant. | Case No. 3:25-CV-01094-CRB<br><br>[Removed From the Alameda County Superior Court, Case No. 24CV103566]<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT MASHABLE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>DATE: March 21, 2025<br>TIME: 10:00 a.m.<br>CTRM: 6, 17th Floor<br><br>Complaint Filed: December 17, 2024<br>Action Removed: February 3, 2025 |



DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

## REQUEST FOR JUDICIAL NOTICE

Defendant Mashable, Inc. ("Defendant"), through its attorneys of record, hereby requests the Court take judicial notice pursuant to Federal Rule of Evidence 201(b) of the following document:

- **Exhibit 1** is a true and correct copy of a minute order filed on April 23, 2024 in *Casillas v. Transitions Optical, Inc.*, LASC Case No. 23STCV30742 (Cal. Super. Ct., Los Angeles County Apr. 23, 2024).

## ARGUMENT

The Court may take judicial notice of adjudicative facts not subject to reasonable dispute when the facts are: (1) generally known within the trial court's jurisdiction; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under Rule 201, the Court may take judicial notice of "matters of public records," including court proceedings and opinions of another court. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment.").

Exhibit 1 is a matter of public record because it is a filed court document. This Court may take judicial notice of the opinions of another court. *See Lee*, 250 F.3d at 690 ("matters of public records" include the opinions of another court).

## CONCLUSION

For the foregoing reasons, Mashable respectfully requests that the Court take judicial notice of Exhibit A filed in support of its Motion to Dismiss.

DATED: February 10, 2025

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP

By: [signature]
Spencer Persson

Attorneys for Defendant Mashable, Inc.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 58

**23STCV30742**
**MILTITA CASILLAS vs TRANSITIONS OPTICAL, INC., A DELAWARE CORPORATION**

April 23, 2024
9:00 AM

Judge: Honorable Bruce G. Iwasaki
Judicial Assistant: M.F. Lopez
Courtroom Assistant: S. Hahn

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Scott J. Ferrell (LACC)

For Defendant(s): Anahit Tagvoryan (LACC)

**NATURE OF PROCEEDINGS:** Hearing on Defendant Transitions Optical, Inc.'s Demurrer - without Motion to Strike

The Court issues its tentative ruling which has been posted on the Los Angeles Superior Court's Website in advance of this hearing.

The matter is called for hearing.

Hearing on Demurrer is held.

The Court having read the papers and heard the arguments rules as follows:

**The Demurrer to the Complaint is sustained. Plaintiff shall have leave to amend. The amended pleading shall be filed and served on or before May 23, 2024.**

On December 15, 2023, Miltita Casillas (Plaintiff) filed a Complaint against Transitions Optical, Inc. (Defendant) alleging a single claim for violation of the California Invasion of Privacy Act (CIPA) under California Penal Code section 638.51. The Complaint alleges that Defendant's website at: https://www.transitions.com (Website) secretly deployed tracking software that relies upon the user's unique Internet Protocol address (IP address) on the user's computerized device to monitor visitors, including Plaintiff, to track Plaintiff's browsing habits. (Compl., 2:2-4, ¶¶ 9-11, 19, 23.)

Defendant now demurs to this cause of action in the Complaint. Plaintiff opposes the demurrer.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 58

**23STCV30742**
**MILTITA CASILLAS vs TRANSITIONS OPTICAL, INC., A DELAWARE CORPORATION**

April 23, 2024
9:00 AM

Judge: Honorable Bruce G. Iwasaki
Judicial Assistant: M.F. Lopez
Courtroom Assistant: S. Hahn

CSR: None
ERM: None
Deputy Sheriff: None

The demurrer is sustained.

Defendant's request for judicial notice of Exhibits A-C are denied. (Evid. Code, § 452.) Plaintiff's request for judicial notice of Exhibits 1-2 are granted and the request for judicial notice of Exhibits 3-4 are denied. (Evid. Code, § 452.)

**Demurrer**

A demurrer is an objection to a pleading, the grounds for which are apparent from either the face of the complaint or a matter of which the court may take judicial notice. (Code Civ. Proc., § 430.30, subd. (a); see also *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) The purpose of a demurrer is to challenge the sufficiency of a pleading "by raising questions of law." (*Postley v. Harvey* (1984) 153 Cal.App.3d 280, 286.) "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." (Code Civ. Proc., § 452.) The court " ' "treat[s] the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law . . .." ' " (*Berkley v. Dowds* (2007) 152 Cal.App.4th 518, 525.)

**Analysis**

Defendant demurs to the violation of the CIPA under California Penal Code section 638.51 on the grounds that Plaintiff has not stated a claim.

CIPA extends civil liability to the installation of a "pen register" or a "trap and trace device" without a court order. (Pen. Code, § 638.51.)

The statute defines a "pen register" as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." (Pen. Code, § 638.50, subd. (b).) CIPA likewise defines "trap and trace" software broadly to include "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." (Pen. Code, 638.50, subd. (c).)

Here, Defendant contends that "the Complaint is hopelessly vague as to Defendant Transitions Optical's specific conduct, specific software at issue, Plaintiff's interactions with the

website, or any information of Plaintiff's that was purportedly recorded, decoded or captured." (Compl., ¶ 6.)

The argument is well taken. The Complaint, at most, alleges in a conclusory manner that "Defendant secretly accessed Plaintiff's device and installed 'pen register' and 'trap and trace' tracking software." (Compl., 2:5-7.) That is, the Complaint essentially repeats the generic statutory language by alleging "Defendant knowingly and intentionally deployed a software device and process to (1) decode and record the routing, addressing, and signaling information transmitted by Plaintiff's electronic device communication; and (2) capture the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, Defendant did so as part of its identity resolution efforts." (Compl., ¶ 19.)

The remaining portions of the Complaint merely theorize "[o]ne of the means" of how a theoretical website owner could collect certain information through the use of software that qualifies as a "pen register" or a "trap and trace device." (See e.g., Compl., ¶¶ 14-16.) Generally, the Complaint makes inappropriate and conclusory legal arguments, but alleges few ultimate facts. It does not contain a "statement of the facts constituting the cause of action in ordinary and concise language." (Code Civ. Proc., § 425.10.)

Plaintiff's reliance on *Greenley v. Kochava, Inc.* (S.D. Cal., July 27, 2023, No. 22-cv-01327-BAS-AHG) 2023 WL 4833466; 2023 U.S. Dist. LEXIS 130552, is unpersuasive. In that case the defendant was a data broker that provided software to application developers in return for which it surreptitiously intercepted location data from application users. The alleged conduct and relationship to the plaintiff was very different from the allegations here.

The demurrer is sustained on this ground.

Defendant also argues that it is "exempt" as an "electronic or wire communication service" provider for software used to "to operate, maintain, and test a wire or electronic communication service." (Pen. Code, § 638.51, subd. (b)(1).)

This argument is not affirmatively alleged on the face of the pleadings. The Complaint merely alleges that Defendant is a "fashion eyewear company that markets eyewear via its website…." (Compl. ¶ 5.) While evidence may show that Defendant provides electronic services to those accessing its website, the Court cannot determine that Defendant is an "electronic

communication service provider" on the pleadings for demurrer purposes.

Defendant also argues that the Complaint has failed to allege that Plaintiff suffered an injury. However, Penal Code section 637.2, subdivision (c), provides that "[i]t is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages." This provision indicates that "actual damages" are unnecessary to constitute an "injured" party under this statutory scheme such that a party could seek only statutory damages.

To the extent that Defendant is arguing that, to be an injured party, Plaintiff must demonstrate her private information was collected, the Court agrees. (See *Limon v. Circle K Stores Inc.* (2022) 84 Cal.App.5th 671, 703 [explaining that a "statutory damages provision is intended to compensate a plaintiff for injury. It is designed to provide redress where damages are 'difficult or impossible to quantify or prove.'"].) However, to the extent that Defendant is arguing that there must be actual damages, the Court disagrees.

Lastly, Defendant argues that Plaintiff cannot establish that she did not consent to the collection of certain data. Specifically, Defendant argues that "Not only does Transitions Optical's website provide a clearly labeled Privacy Policy that specifically addresses its privacy practices, it also provides users with an explicit pop-up banner that discloses its use of cookies as soon as visitors reach the site. Further still, this pop-up banner provides users with clear instructions and tools to opt-out of Transitions Optical's use of certain website cookies." (Opp. 14-15 [Def.'s RJN A-B.) This argument, however, is outside the scope of the pleadings and based on facts not subject to judicial notice. Thus, this argument does not serve as an additional basis for the demurrer. Further, this defense applies only to a "provider of electronic or wire communication service," which (for the reasons discussed above) Defendant cannot show based on the pleadings.

**Conclusion**

The demurrer is sustained. Plaintiff shall have leave to amend. The amended pleading shall be filed and served on or before May 23, 2024.

On the Court's own motion, the Case Management Conference scheduled for 06/05/2024 is advanced to this date and continued to 08/20/2024 at 08:30 AM in Department 58 at Stanley Mosk Courthouse.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 58

**23STCV30742**
**MILTITA CASILLAS vs TRANSITIONS OPTICAL, INC., A DELAWARE CORPORATION**

April 23, 2024
9:00 AM

Judge: Honorable Bruce G. Iwasaki
Judicial Assistant: M.F. Lopez
Courtroom Assistant: S. Hahn

CSR: None
ERM: None
Deputy Sheriff: None

On the Court's own motion, the Order to Show Cause Re: Failure to File Proof of Service scheduled for 06/05/2024 is advanced to this date and vacated.

Notice is waived.

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 350 S. Grand Avenue, 27th Floor, Los Angeles, California 90071.

On February 3, 2025, I served the foregoing document described as **NAME OF DOCUMENT** on the interested parties in this action as follows:

**ATTORNEYS FOR PLAINTIFF**
L. Timothy Fisher, Esq.
Emily A. Home, Esq.
Bursor & Fisher, P.A.
1990 North California Blvd., 9th Floor
Walnut Creek, California 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
ehorne@bursor.com

__X__ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** I electronically filed the Notice of Removal with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on February 3, 2025, at Los Angeles, California.

SPENCER PERSSON

DAVIS WRIGHT TREMAINE LLP