**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Emily A. Horne (State Bar No. 347723)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
ehorne@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice pending*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DAWN FREGOSA, individually and on behalf of all other persons similarly situated,

Plaintiff,

v.

MASHABLE, INC.,

Defendant.

Case No. 3:25-cv-01094-CRB

**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Courtroom: 6, 17th Floor
Judge: Hon. Charles R. Breyer

Pursuant to L.R. 7-3(d) and 7-11, Plaintiff respectfully makes this Administrative Motion for Leave to File a 1-Page Surreply to Defendant's Motion to Dismiss the First Amended Complaint (ECF No. 13) to address a new argument Defendant raised for the first time in its Reply Brief (ECF No. 20).[1]

Failing to respond to many of the substantive arguments Plaintiff made in her Opposition to the Motion to Dismiss, Defendant instead raises an argument for the first time in its Reply Brief that Plaintiff is seeking to impose an "aiding and abetting" theory of liability under the CIPA § 638.51. *See*, *e.g.*, Reply at 1:19-20 ("[T]his is an aiding-and-abetting theory of liability, which the pen register law does not recognize."); *id.* at 8:18-19 ("Plaintiff acknowledges in her Opposition that her sole claim boils down to an aiding-and-abetting theory…"); *id.* at 9:25-26 (Plaintiff's "claim is that Mashable is liable for *aiding and abetting* third parties in violating the pen register law…") (emphasis in original).

Defendant's argument is meritless, both for the reasons discussed in Plaintiff's proposed surreply (attached as **Exhibit 1** to the Roberts Declaration) and as set forth in multiple orders on this topic. Nonetheless, Defendant did not raise this argument in its Motion to Dismiss (ECF No. 13), and thus, Plaintiff did not get the opportunity to respond to it in her opposition (ECF No. 14). Raising a new argument for the first time in a reply brief is improper. *See*, *e.g.*, *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Van Scoy v. New Albertson's Inc.*, 2011 WL 13239542, at *1 (E.D. Cal. May 4, 2011) ("It is improper to introduce new facts and/or legal arguments for the first time by way of reply, as opposed to the initial moving papers."). But because Defendant has made this argument, Plaintiff should be permitted to file a short surreply to address it.

L.R. 7-3(d) states that "[o]nce a reply is filed, no additional memoranda, papers or letters may

[1] On March 26, 2025, Plaintiff sought Defendant's consent to file the [proposed] surreply via e-mail. Roberts Decl. ¶ 5. On March 28, 2025, Defendant responded that it was "not willing to stipulate to the sur-reply in this case. We do not believe Mashable has raised new arguments, and simply responded to Plaintiff's position and arguments in the opposition." *Id.* Accordingly, Plaintiff was unable to obtain a stipulation for this matter. *Id.*

be filed without prior Court approval. "[T]his discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (cleaned up). Here, Defendant argues that Plaintiff is pursuing an "aiding and abetting" theory of liability was raised for the first time on reply. Plaintiff therefore seeks leave to file a 1-page surreply to address only that argument. Plaintiff thus has "good cause for the filing of a sur-reply." *McGechie v. Atomos Ltd.*, 2023 WL 2918681, at *1 (E.D. Cal. Apr. 12, 2023) (permitting filing of a surreply; *Van Scoy*, 2011 WL 13239542, at *1 ("It would therefore be improper for this Court to rule upon Defendants' Motions without affording Plaintiffs the opportunity to respond to the limitations arguments now articulated in Defendants' reply.").

Accordingly, and for the foregoing reasons, Plaintiff respectfully requests leave to file a 1-page surreply addressing Defendant's new argument, the [proposed] version of which is attached to the Declaration of Max S. Roberts as **Exhibit 1**. Plaintiff is also happy to address this at the April 11, 2025 hearing on the Motion to Dismiss.

Dated: March 31, 2025

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Emily A. Horne (State Bar No. 347723)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
ehorne@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice pending*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiff*