IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN FREGOSA,<br>　　　　Plaintiff,<br>　　v.<br>MASHABLE, INC.,<br>　　　　Defendant. | Case No. 25-cv-01094-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Dawn Fregosa sues Defendant Mashable, Inc. under California's Invasion of Privacy Act, alleging that Mashable installed trackers on her computer without her consent when she visited Mashable's website. Mashable moves to dismiss on the basis that it did not purposefully direct its conduct at California, so the Court lacks personal jurisdiction. Finding the matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), the Court concludes that personal jurisdiction is indeed lacking and **GRANTS** Mashable's motion to dismiss with leave to amend.

I.　**BACKGROUND**

Defendant Mashable owns and operates a digital news and entertainment website. Am. Compl. (dkt. 12) ¶ 1. Mashable was initially incorporated in California with its principal place of business there, but since 2013 has been a Delaware corporation with its principal place of residence in New York. Id. ¶¶ 8, 11. Mashable maintained California offices at least as of 2023, out of which it ran its advertising in 2018. Id. ¶¶ 12, 15. And its parent company has offices in California. Id. ¶ 12.

Plaintiff Dawn Fregosa regularly visited Mashable's website between 2017 and December 2024. Id. ¶ 146. Mashable installs "trackers" on its website visitors' devices to

obtain their IP addresses and "device fingerprints," which include "information such as device type, browser type, and unique and persistent identifiers." Id. ¶¶ 2, 58–59, 147. Third parties operate these trackers and use them to engage in targeted advertising based on website visitors' location (which can be determined by IP address) and browsing data. Id. ¶¶ 2, 44, 60, 148.

Fregosa sued Mashable under California's Invasion of Privacy Act, which makes it a crime for a person to install a pen register or trap-and-trace software without a court order. Cal. Penal Code § 638.51(a). She contends that Mashable violated CIPA by installing and using trackers without her consent and without a court order. Am. Compl. ¶¶ 4, 158–67. Accordingly, she seeks statutory damages for herself and the class members she purports to represent. Id. ¶ 167; see Cal. Penal Code § 637.2(a).

Mashable moves to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. Mot. (dkt. 13); see Fed. R. Civ. P. 12(b)(2), (6).

## II. LEGAL STANDARD

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). That said, "the plaintiff need only make a prima facie showing of the jurisdictional facts." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). This prima facie showing must be supported "by specific factual allegations." Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007).

## III. DISCUSSION

Mashable argues that the Court lacks personal jurisdiction over it, Mot. at 3–10, and that Fregosa has failed to state a claim under which relief can be granted, id. at 10–15. The Court concludes that personal jurisdiction is indeed lacking and therefore does not reach Mashable's other argument. See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) ("a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over … the parties").

**A.     Personal Jurisdiction**

There are many pathways that an inquiry into personal jurisdiction can take, but the parties' briefing distills the key issues in this case. Fregosa does not allege that Mashable is subject to "general" personal jurisdiction in California—that is, she does not contend that Mashable has such "continuous and systematic" contacts with California to be "essentially 'at home'" there. Daimler AG v. Bauman, 571 U.S. 117, 139 (2014) (citation omitted). Rather, she contends that Mashable is subject to "specific" personal jurisdiction in California, see Am. Compl. ¶ 10; Opp. (dkt. 14) at 2, meaning that she argues there is a sufficient "affiliation between the forum [California] and the underlying controversy [the alleged CIPA violation]." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (cleaned up) (citation omitted).

To establish specific personal jurisdiction in a tort suit like this one, the plaintiff must allege that (1) the defendant "purposefully direct[ed] his activities" at the forum state,[1] (2) the claim "arises out of or relates to the defendant's forum-related activities," and (3) "the exercise of jurisdiction [would] comport with fair play and substantial justice." Schwarzenegger, 374 F.3d at 802. All three of these requirements must be satisfied for the court to exercise jurisdiction over the defendant. Herbal Brands, Inc. v. Photoplaza, Inc., 72 F.4th 1085, 1090 (9th Cir. 2023), cert. denied 144 S. Ct. 697 (2024). The Court holds that the first requirement is not met, so the Court cannot exercise specific personal jurisdiction over Mashable.

For a defendant to have purposefully directed his activities at the forum state, he must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Schwarzenegger, 374 F.3d at 805. This analysis must focus on "the defendant's contacts

---

[1] Fregosa erroneously argues that Mashable "purposefully availed" itself of the privilege of doing business in California. Opp. at 2–4. Purposeful direction and purposeful availment are "two distinct concepts," with the former applying in cases sounding in tort (like this one) and the latter sounding in cases sounding in contract. Schwarzenegger, 374 F.3d at 802; see also Voodoo SAS v. SayGames LLC, No. 19-cv-7480-BLF, 2020 WL 3791657, at *3 (N.D. Cal. July 7, 2020) (CIPA claims sound in tort).

1    with the forum State itself, not the defendant's contacts with persons who reside there."
2    Walden v. Fiore, 571 U.S. 277, 285 (2014).  "[C]ontacts between the plaintiff (or third
3    parties) and the forum state" are not sufficient to establish personal jurisdiction.  Id. at 284.
4         There is no dispute that Fregosa has adequately alleged that Mashable intentionally
5    installed the trackers on its website visitors' computers.  Nor does Mashable appear to
6    contest whether Fregosa's allegations would establish that its conduct caused harm likely
7    to be suffered in California.  So the core issue at hand is whether Fregosa has alleged that
8    Mashable's conduct was expressly aimed at California, the forum state.
9         When it comes to websites, the mere operation of an interactive website that is
10   accessible in a forum state does not necessarily subject the website owner or operator to
11   personal jurisdiction in that state.  See Herbal Brands, 72 F.4th at 1091 ("[O]peration of an
12   interactive website does not, by itself, establish express aiming.  … That result would be
13   too broad to comport with due process."); DFSB Kollective Co. v. Bourne, 897 F. Supp.
14   2d 871, 881 (N.D. Cal. 2012) ("If the defendant merely operates a website, even a highly
15   interactive website, that is accessible from, but does not target, the forum state, then the
16   defendant may not be haled into court in that state without offending the Constitution."
17   (citing be2 LLC v. Ivanov, 642 F.3d 555, 559 (7th Cir. 2011))).  Rather, the plaintiff must
18   allege "'something more'—conduct directly targeting the forum."  Mavrix Photo, Inc. v.
19   Brand Techs., Inc., 647 F.3d 1218, 1229 (9th Cir. 2011) (citation omitted).  "In
20   determining whether a nonresident defendant has done 'something more,' [courts] have
21   considered several factors, including the interactivity of the defendant's website, the
22   geographic scope of the defendant's commercial ambitions, and whether the defendant
23   'individually targeted' a plaintiff known to be a forum resident."  Id. (citations omitted).
24   And "[w]hen the website itself is the only jurisdictional contact, [the] analysis turns on
25   whether the site had a forum-specific focus or the defendant exhibited an intent to cultivate
26   an audience in the forum."  Herbal Brands, 72 F.4th at 1092 (emphasis in original).
27        Fregosa contends that Mashable targets California residents because it knowingly
28   enables the sale of Californians' information, which it obtains by installing trackers on

1  website visitors' computers, and it earns significant revenue as a result. Opp. at 2. That
2  fails to establish personal jurisdiction, however, because Fregosa has not alleged that
3  Mashable has expressly aimed its activities at California. At most Fregosa has alleged
4  facts sufficient to conclude that Mashable has targeted website users in general, some of
5  whom happen to live in California. That is not enough. See Walden, 571 U.S. at 285.

6      Fregosa raises several arguments in response, none of which are persuasive.

7      First, Fregosa highlights that among the data that Mashable's trackers collect and
8  that Mashable provides to third parties are the IP addresses of Mashable's website visitors.
9  Opp. at 2. But third parties' conduct cannot establish personal jurisdiction over Mashable.
10 See Walden, 571 U.S. at 285; AMA Multimedia, LLC v. Wanat, 970 F.3d 1201, 1211 (9th
11 Cir. 2020) (no personal jurisdiction based on advertisement targeting by third parties). Nor
12 is Fregosa's statement that Mashable "is able to sell specific California userbases to
13 advertisers[] or target advertising campaigns specifically at California users" sufficient to
14 demonstrate that Mashable expressly aimed its activity at California. Am. Compl. ¶ 16
15 (emphasis added). Such speculation about what Mashable can do fails to answer the
16 question of what Mashable actually did—the relevant inquiry for the purposeful direction
17 test. Fregosa's authorities involve more robust allegations than are at issue here. See Will
18 Co. v. Lee, 47 F.4th 917, 924–25 (9th Cir. 2022) (personal jurisdiction in United States
19 proper because defendants hosted website in Utah in order to decrease latency time for
20 U.S. visitors); Chien v. Bumble Inc., 641 F. Supp. 3d 913, 929 (S.D. Cal. 2022) (personal
21 jurisdiction in California proper because defendants' phone app "offers value to its users
22 on the basis that its content within the forum State displays other users also presently
23 within the forum State"); Mavrix Photo, Inc., 647 F.3d at 1231 (personal jurisdiction in
24 California proper because website content had a California-specific focus).[2]

---

[2] Fregosa's closest authority to the facts of this case is Quigley v. Guvera IP Pty Ltd., where the court exercised personal jurisdiction over a website that collected users' zip codes in order to provide targeted advertising. No. C 10-3569 CRB, 2010 WL 5300867, at *4 (N.D. Cal. Dec. 20, 2010). But Quigley predates Walden's instruction that personal jurisdiction be based on the defendant's contacts with the forum state, not just with forum state residents. See 571 U.S. at 285; see also AMA Multimedia, 970 F.3d at 1209 n.5

Second, Fregosa stresses that the targeted nature of the advertisements on Mashable's website constitutes express aiming. Opp. at 2–3. Fregosa relies on UMG Recordings, Inc. v. Kurbanov, in which the Fourth Circuit held that a website that earned revenue from selling data to third parties who engaged in targeted advertising was subject to personal jurisdiction in Virginia. 963 F.3d 344, 353 (4th Cir. 2020). But Ninth Circuit precedent forecloses that result here:

> If [] geo-located advertisements constituted express aiming, [the defendant] could be said to expressly aim at any forum in which a user views the website. As [] recognized in Mavrix, "not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every forum in which it is accessed." As a feature of the geo-located advertisements on [the defendant's] website, all users in every forum received advertisements directed at them. To find specific jurisdiction based on this would run afoul of the Supreme Court's directive in Walden and "impermissibly allow a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis."

AMA Multimedia, 970 F.3d at 1211 (citations omitted) (cleaned up).

Third, Fregosa correctly points out that whether Mashable "may have also differentially targeted other particular locations does not detract from" whether it "expressly aimed [its] website[] at the U.S. market." Doe v. WebGroup Czech Rep., a.s., 93 F.4th 442, 455 (9th Cir. 2024) (emphasis in original) (cited in Opp. at 3). But that legal principle does not transform otherwise insufficient contacts with a forum state into sufficient ones. In fact, in Doe the Ninth Circuit declined to say that "the companies' advertising, standing alone, demonstrates express aiming," instead concluding that the defendants' use of U.S.-based networks "to improve the viewing experience of U.S. visitors shows that [the defendants] actively targeted the U.S. market." Id. at 455–56.

Fourth, Fregosa asks the Court to consider "other judicially relevant facts" as relevant to personal jurisdiction. Opp. at 4 (quoting UMG Recordings, 963 F.3d at 354). These facts include Mashable's incorporation in California over a decade ago, its offices in

---

(recognizing that Walden rejected prior Ninth Circuit authority "holding that the express aiming element could be satisfied by a defendant's knowledge that harm may be inflicted on a plaintiff in a particular forum"). To the extent that Quigley (or any other pre-Walden authorities) relied on that earlier case law, it no longer reflects good law.

California (one of which Fregosa alleges was open as recent as 2023), its parent company's location in California, and a privacy policy designed to comply with California law.  Id.  None of those facts support personal jurisdiction in this case, however, because they are irrelevant and would fail to demonstrate express aiming in any case.  See Ratha v. Patthana Seafood Co., 35 F.4th 1159, 1171 (9th Cir. 2022) (courts "measure the extent of a defendant's contacts with a forum 'at the time of the events underlying the dispute'" (citation omitted));[3] 3123 SMB LLC v. Horn, 880 F.3d 461, 467–68 (9th Cir. 2018) (separate jurisdictional citizenship inquiry for parent corporations and subsidiaries); Voodoo SAS v. SayGames LLC, No. 19-cv-7480-BLF, 2020 WL 3791657, at *3 (N.D. Cal. July 7, 2020) (California-specific privacy policy at most showed that the defendant "knew [a product] might be purchased by California residents" but not that the defendant "specifically aimed [the product] at California residents").

At bottom, Fregosa fails to allege facts establishing that Mashable targeted California as a forum state, and not merely website users who may or may not have been California residents.  That means that Fregosa has not adequately alleged that Mashable purposefully directed its conduct toward California, and exercising personal jurisdiction over Mashable would be improper.

## B.    Jurisdictional Discovery and Leave to Amend

Fregosa seeks jurisdictional discovery to determine the number of California users of Mashable's website and the amount of revenue that Mashable earns from advertisements shown to those users.  Opp. at 5–6.  But the problem with personal jurisdiction in this case is not based on the number of users or the extent of Mashable's revenue, neither of which would change the Court's conclusion that Mashable's conduct, as alleged, does not target California.  Because no "pertinent facts bearing on the question of jurisdiction are controverted" and "a more satisfactory showing of the facts" is not the issue, jurisdictional discovery is not appropriate.  See LNS Enters., LLC v. Cont'l Motors,

---

[3] CIPA has a one-year limitations period, Brodsky v. Apple, Inc., 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020), so any jurisdictional facts from before 2024 are of little, if any, weight.

Inc., 22 F.4th 852, 864 (9th Cir. 2022) (citation omitted).  That said, Plaintiff may amend her complaint to allege facts that would demonstrate that Mashable targeted its own conduct (not the conduct of third parties) at California as the forum state (and not merely website users who happen to be California residents).  See Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (leave to amend is to be granted "with extreme liberality" (citation omitted)).

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mashable's motion to dismiss for lack of personal jurisdiction.  Fregosa has 28 days from the issuance of this order to file an amended complaint if she wishes to do so.

**IT IS SO ORDERED.**

Dated: April 10, 2025



CHARLES R. BREYER
United States District Judge

8