MATTHEW A. MACDONALD, SBN 255269
ROMAN A. GIEROK, SBN 361158
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
953 East 3rd Street, Suite 100
Los Angeles, CA 90013-1952
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: matthew.macdonald@wsgr.com
rgierok@wsgr.com

ALICE C. VADEN (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, UT 84111
(801) 401-8515
Email: cvaden@wsgr.com

JOHN B. KENNEY (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street, N.W.
Washington, DC 20006
(202) 973-8800
Email: jkenney@wsgr.com

*Attorneys for amici curiae*
Alliance for Legal Fairness, California Chamber of Commerce, and the California Retailers Association

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DAWN FREGOSA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MASHABLE, INC.,

Defendants.

Case No. 3:25-CV-01094-CRB
[Removed from the Alameda County Superior Court, Case No. 24CV103566]

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF AND SUPPORTING DOCUMENTS OF AMICI CURIAE ALLIANCE FOR LEGAL FAIRNESS, CALIFORNIA CHAMBER OF COMMERCE, AND CALIFORNIA RETAILERS ASSOCIATION (ECF NO. 59)**

DATE: December 19, 2025
TIME: 10:00 a.m.
CTRM: 6, 17TH Floor

Complaint Filed: December 17, 2024
Action Removed: February 3, 2025

Plaintiff's Opposition fails to show that leave should be denied. Contrary to Plaintiff's arguments, "[t]here are no strict prerequisites to qualify as amici." *NetChoice, LLC v. Bonta*, 2023 WL 6131619, at *1 (N.D. Cal. Sept. 18, 2023) (quoting *Sec. & Exch. Comm'n v. Bittrex Inc.*, 2023 WL 4866373, at *1 (W.D. Wash. July 31, 2023)). A party "seeking to appear as amicus must merely make a showing that [its] participation is useful or otherwise desirable to the court." *California v. United States DOI*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). *Amici* participation is useful "when . . . 'the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Full Circle of Living & Dying v. Sanchez*, 2022 WL 348166, at *1 (E.D. Cal. Feb. 4, 2022) (quoting *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)). Further, "amicus briefs are 'frequently welcome . . . concerning legal issues that have potential ramifications beyond the parties directly involved[.]'" *Wagafe v. Biden*, 2022 WL 457983, at *1 (W.D. Wash. Feb. 15, 2022) (quoting *N.G.V. Gaming, Ltd. v. Upstream Point Molate, L.L.C.*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)). Applying the proper standard for granting leave, proposed *Amici* Alliance for Legal Fairness, the California Chamber of Commerce ("CalChamber"), and the California Retailers Association ("CRA") readily satisfy it.

*First*, Plaintiff's argument that proposed *Amici* raise issues similar to those presented in Mashable's brief is not a reason to deny leave. "[I]t is inapposite that an amicus brief raises the same issues as the parties' briefs." *California*, 381 F. Supp. 3d at 1164. "The salient question is whether such brief is helpful to the Court." *See id.* Here, proposed *Amici*'s brief is helpful because it provides unique perspective on the public impact of the diverging interpretations of CIPA's pen register provision. Proposed *Amici*'s brief also highlights in detail the legislative history of AB 929, and shows why that history is inconsistent with Plaintiff's interpretation of the statute, including Plaintiff's attempt to narrow the statute to cover only third-party trackers. *See* ECF No. 70 at 5 (interpreting pen register provision as only applying to "[r]ecording of IP addresses by third parties"). Further, it provides supplemental analysis of California law on statutory interpretation. Courts regularly permit *amicus* briefs that supplement the analysis of counsel and draw attention to additional materials. *NetChoice*, 2023 WL 6131619, at *1; *United*

*Farm Workers v. Noem*, 2025 WL 1151043, at *1 (E.D. Cal. Apr. 18, 2025) (amicus brief "supplement[ed] the efforts of Defendants' counsel" where it "address[ed] authorities that Defendants did not cite"). Proposed *Amici* respectfully submit that their discussion of the legislative history is helpful to the Court's analysis of this important question.

*Second*, contrary to Plaintiff's assertions, proposed *Amici* need not be "parties to any similar actions" for leave to be granted. *See* ECF No. 70 at 2. Courts across the Ninth Circuit routinely welcome *amicus* briefs from advocacy groups and trade associations in litigation that impacts their work and members. *See, e.g.*, *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1043 (N.D. Cal. 2025) (considering *amici* briefs filed by non-profit organization and interest groups); *Birdwell v. AvalonBay Cmtys., Inc.*, 742 F. Supp. 3d 1024, 1036 (N.D. Cal. 2024) (allowing National Apartment Association to participate as *amicus curiae*); *NetChoice*, 2023 WL 6131619, at *1 (allowing *amicus* participation by Chamber of Commerce and Computer & Communications Industry Association). Proposed *Amici*'s members have experienced first-hand the significant impact of the unsettled state of the law surrounding the proper interpretation of CIPA's pen register provision. Each organization's members have been subject to the demand letters and/or lawsuits proliferating across the state. And CalChamber itself has been served with a demand letter based on this provision. Collectively, proposed *Amici*'s insight allows them to "address[] the potential ramifications of this case beyond the parties directly involved." *See Wagafe*, 2022 WL 457983, at *2.

*Finally*, it is immaterial whether Defendant is adequately represented.[1] "Even when a party is very well represented, an amicus may provide important assistance to the court." *Jamul Action Comm. v. Stevens*, 2014 WL 3853148, at *6 (E.D. Cal. Aug. 5, 2014) (quoting *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002)).

Proposed *Amici* respectfully request that the Court grant their motion.

---

[1] Proposed *Amici* do not dispute that Defendant is well represented.

Dated: December 8, 2025

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Matthew A. Macdonald*
Matthew A. Macdonald
E-mail: matthew.macdonald@wsgr.com

Attorney for Proposed *Amici Curiae*
Alliance for Legal Fairness
California Chamber of Commerce
California Retailers Association