LOEB & LOEB LLP
LAUREN J. FRIED (SBN 309005)
lfried@loeb.com
TYLER DOWNING (SBN 339537)
tdowning@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 1 310-282-2000
Facsimile: 1 310-282-2200

*Attorneys for Proposed Amicus Curiae*
NEWS/MEDIA ALLIANCE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN FREGOSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MASHABLE, INC.,<br><br>Defendant. | Case No. 3:25-CV-01094-CRB<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANT MASHABLE INC.'S PETITION FOR INTERLOCUTORY REVIEW UNDER 28 U.S.C. § 1292(b)**<br><br>Date: December 12, 2025<br>Time: 10:00 a.m.<br>Ctrm: 6, 17th Floor<br><br>Complaint Filed: December 17, 2024<br>Action Removed: February 3, 2025 |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

I. N/MA SATISFIES THE LENIENT STANDARD FOR AMICUS PARTICIPATION ........ 1

II. CONCLUSION ........ 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Angga v. Bumble Bee Foods, LLC*, 2025 WL 2345080 (S.D. Cal. Aug. 13, 2025) ........ 1, 2, 3

*Arena v. Intuit*, 2020 WL 7342716 (N.D. Cal. Dec. 14, 2020) ........ 3

*Aviles v. Liveramp, Inc.*, 2025 WL 487196 (Cal. Sup. Ct. Jan. 28, 2025) ........ 1

*Barnes-Wallace v. Boy Scouts of America*, 2004 WL 7334945 (S.D. Cal. Mar. 23, 2004) ........ 1

*Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982) ........ 1

*Newsom v. Trump*, 3:25-cv-04870 (N.D. Cal.) ........ 2, 3

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062 (7th Cir. 1997) ........ 2

**Statutes**

28 U.S.C. § 1292(b) ........ 1

Plaintiff's opposition to News/Media Alliance's ("N/MA") Motion for Leave to File *Amicus Curiae* Brief ignores the proper standard for *amicus* participation. *See* Dkt. 70 ("Opp."). Rather than apply the appropriate law, Plaintiff opts to reconstruct out-of-circuit amicus guidelines into a rigid test that would preclude amicus participation in almost every case. After bending over backwards in an attempt to stop N/MA's *amicus* brief from being accepted, Plaintiff proceeds to offer a purported "response" to the brief itself.

This reply does not, and need not, address Plaintiff's attempts to negate N/MA's amicus brief. N/MA's briefing speaks for itself. Plaintiff's argument—which largely fails to address the points raised in favor of trying to craft atextual CIPA carveouts[1]—only reinforces the fact that there are vigorous disputes regarding the law's interpretation. That such disputes exist only further emphasizes the need for the Ninth Circuit to weigh in.

The Court should use its "broad discretion" and grant N/MA's Motion for Leave.

## I. N/MA SATISFIES THE LENIENT STANDARD FOR AMICUS PARTICIPATION

As explained in N/MA's Motion, district courts have "broad discretion" to accept amicus curiae. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds, Sandin v. Conner*, 515 U.S. 472 (1995). Ignoring cases from this District, Plaintiff seeks to import an out-of-circuit three-part standard for permitting amicus briefs. *See* Opp. at 1.[2] But even Plaintiff's own case

---

[1] *See Aviles v. Liveramp, Inc.*, 2025 WL 487196, at *3 (Cal. Sup. Ct. Jan. 28, 2025) ("[D]ownstream use of data is not a part of the definitions of pen registers or trap and trace devices. It is the method of data collection itself that is at issue.")

[2] For this standard, Plaintiff quotes *Angga v. Bumble Bee Foods, LLC*, 2025 WL 2345080, at *1 (S.D. Cal. Aug. 13, 2025) which in turn cites to *Barnes-Wallace v. Boy Scouts of America*, 2004 WL 7334945, at 1 (S.D. Cal. Mar. 23, 2004). *Barnes-Wallace* recognizes that "neither the Supreme Court nor the Ninth Circuit have set forth a standard for the filing of amicus briefs at the district court level" but goes on

acknowledges that "beyond a requirement that their participation be useful or desirable to the Court, there are no strict prerequisites that must be established prior to qualifying for *amicus status*." *Angga v. Bumble Bee Foods, LLC*, 2025 WL 2345080, at *1 (S.D. Cal., Aug. 13, 2025) (internal quotation marks and citation omitted). Plaintiff neglects to mention this flexible standard in the Opposition.

Despite Plaintiff's mischaracterization, N/MA's proposed *amicus* brief provides context regarding the beneficial use of IP addresses, explains the scope of disruption Plaintiff's position threatens, and describes why the Ninth Circuit's guidance is critical to provide stability and certainty to businesses—particularly news media companies—across California. *See* Dkt. 57-1 ("Amicus Br.") at 7-12. This perspective goes beyond that offered by Defendant in its own briefing. It does not, as Plaintiff claims without support, "merely retread" Defendant's arguments. Opp. at 2.

In opposing N/MA's Motion, Plaintiff emphasizes that N/MA is not a "part[y] to any similar actions." Opp. at 2-3. But most *amici* aren't. In *Newsom v. Trump*, for instance, this Court allowed *amicus* briefs from States, retired generals, legal scholars, and other organizations that did not claim to be parties in similar litigation. *See, e.g.*, *Newsom v. Trump*, 3:25-cv-04870 (N.D. Cal.) at ECF Nos., 19, 23, 28, 30, 31, 41, 42, 43, 44, 45. Here, N/MA identified its interest as a nonprofit organization representing 2,200 publishers. Dkt. 57 ("Mot.") at 2-3. News media organizations, like those N/MA represents, have been dragged into or threatened with CIPA lawsuits at an alarming rate. *See* Amicus Br. at 7-8 (collecting cases). This is not "a generalized interest in proper administration of law" (Opp. at 2); N/MA and its members have every interest in appellate guidance regarding CIPA liability.

Plaintiff further argues that because Defendant is adequately represented, no *amicus* participation should be allowed. Opp. at 2-3. This logic would eliminate

---

to draw a test from a Seventh Circuit case, *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997).

*amici* from the very cases they are typically permitted. The litigation of high-stakes critical legal issues that affect a large population often includes excellent lawyers. Yet these are often the cases where *amici* have the most to offer. Take *Newsom v. Trump* as an example. There, this Court allowed *amici* despite the fact that the plaintiff was represented by the State Attorney General along with several of his deputies and assistants and defendants were represented by the Department of Justice and several of its top attorneys. Similarly, in *Arena v. Intuit*, 2020 WL 7342716, at *1 (N.D. Cal. Dec. 14, 2020), this Court granted leave to file an amicus brief despite both plaintiffs and defendants being represented by "internationally recognized law firms that [are] counsel in numerous high-profile privacy cases." Opp. at 2.

N/MA's "perspective is plainly relevant to various questions" that Defendant's motion presents and its amicus brief offers useful context to the Court. *See Arena*, 2020 WL 7342716, at *1. That is all that is required. *See Angga*, 2025 WL 2345080, at *1 ("[B]eyond a requirement that their participation be useful or desirable to the Court, there are no strict prerequisites that must be established prior to qualifying for *amicus status*."). N/MA's request for leave should be granted.

## II. CONCLUSION

For the foregoing reasons, the Court should grant N/MA's request for leave to appear as *amicus curiae* and deem the proposed *amicus* brief filed.

Dated: December 8, 2025

Respectfully submitted,

LOEB & LOEB LLP
LAUREN J. FRIED
TYLER DOWNING

By:/s/ *Lauren J. Fried*
Lauren J. Fried

*Attorneys for Proposed Amicus Curiae*
NEWS/MEDIA ALLIANCE