James G. Snell (CA State Bar No. 173070)
JSnell@perkinscoie.com
Timothy M. Carter (CA State Bar No. 335212)
TCarter@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300
Facsimile: +1.650.838.4350

Mikella M. Hurley (Admitted *pro hac vice*)
MHurley@perkinscoie.com
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

Attorneys for Defendant
MASHABLE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DAWN FREGOSA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MASHABLE, INC.,

Defendant.

Case No. 3:25-CV-01094-CRB

[Removed from the Alameda County Superior Court, Case No. 24CV103566]

**DEFENDANT MASHABLE, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**

**JURY DEMAND**

Defendant Mashable, Inc. ("Mashable" or "Defendant"), by and through its counsel of record, hereby answers the Second Amended Class Action Complaint ("SAC") (Dkt.30) filed by plaintiff Dawn Fregosa ("Plaintiff"). All facts not specifically admitted are denied. For ease of reference, Mashable uses the section headings, subheadings, and numbered paragraphs in the SAC but specifically denies Plaintiff's characterizations in the section headings, subheadings, and numbered paragraphs, the contents of any footnotes in the SAC, and any and all allegations and

inferences of wrongdoing that may be contained in Plaintiff's section headings, subheadings, and numbered paragraphs, or otherwise.

## NATURE OF THE ACTION

1. Mashable admits that it owns and operates https://mashable.com, a digital news and entertainment website. Except as expressly admitted, Mashable denies the allegations in Paragraph 1.

2. The allegations in Paragraph 2 are vague, argumentative, and contain legal conclusions to which no response is required. To the extent a response is required, Mashable admits that it utilizes third-party technologies on the Website for various purposes as set out in its privacy policies, including for advertising and analytics purposes. Mashable further admits that at certain times these third-party technologies have included software provided by Microsoft, Wunderkind, and PubMatic. Mashable admits that it derives revenue from displaying advertisements to Website visitors and that this is how Mashable is able to provide news and other content to Website visitors without charging a fee. Mashable denies that it causes the so-called Trackers to be installed on visitors' browsers, as it understands Plaintiff uses that term. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 2, and except as expressly admitted, Mashable denies the allegations in Paragraph 2.

3. The allegations in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 3.

4. The allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 4.

5. The allegations in Paragraph 5 are vague, argumentative, and contain legal conclusions to which no response is required. To the extent a response is required, Mashable admits that receives revenue for advertising. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 5, and except as expressly admitted, Mashable denies the allegations in Paragraph 5.

6. The allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent that response is required, Mashable has insufficient knowledge or

information to admit or deny the allegations set forth in Paragraph 6 and denies them on that basis.

## THE PARTIES

7. Mashable has insufficient knowledge or information to admit or deny the allegations set forth in Paragraph 7 and denies them on that basis.

8. Mashable admits that it is a Delaware corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

9. The allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies that any class can be certified. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations set forth in Paragraph 9, and denies them on that basis.

10. The allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 10.

11. The allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 11.

## FACTUAL ALLEGATIONS

### I. THE CALIFORNIA INVASION OF PRIVACY ACT

12. The allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Mashable responds that the legislative record, including California Penal Code § 630, which Paragraph 12 quotes selectively and incompletely, speaks for itself and Mashable denies all the allegations and characterizations in Paragraph 12.

13. The allegations in Paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, California Penal Code § 638.51(a), which Paragraph 13 quotes selectively and incompletely, speaks for itself, and Mashable denies all the allegations and characterizations in Paragraph 13.

14. The allegations in Paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, California Penal Code § 638.50(b), which Paragraph 14 quotes selectively and incompletely, speaks for itself, and Mashable denies all the allegations

and characterizations in Paragraph 14.

15. The allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, California Penal Code § 638.50(b), which Paragraph 15 quotes selectively and incompletely, speaks for itself, and Mashable denies all the allegations and characterizations in Paragraph 15.

16. The allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 16.

17. Mashable admits that law enforcement has historically used "pen registers" to record the destination numbers dialed from a monitored telephone line to initiate an outgoing call. Mashable further admits that law enforcement has historically used "trap and trace devices" to record the originating numbers of incoming calls to a monitored telephone line. The remaining allegations in Paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, and except as expressly admitted, Mashable denies the allegations in Paragraph 17.

18. The allegations in Paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 18, including the allegations in the first sentence of Paragraph 18, which misstates the function of a "pen register".

19. The allegations in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, the cited cases, which Paragraph 19 quotes selectively and incompletely, speak for themselves, and Mashable denies all the allegations and characterizations in Paragraph 19.

20. The allegations in Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, the cited cases, which Paragraph 20 quotes selectively and incompletely, speak for themselves, and Mashable denies all the allegations and characterizations in Paragraph 20.

21. The allegations in Paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 21.

## II. DEFENDANT VIOLATES THE CALIFORNIA INVASION OF PRIVACY ACT

22. Mashable admits that when an internet browser sends an "HTTP request" or "GET" request to Mashable's server to ask its website to load, in return, Mashable's server generally sends an "HTTP response" back. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations set forth in Paragraph 22, and on that basis, denies them.

23. Mashable admits that its server's instructions to an internet browser include instructions on how to properly display Mashable.com. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations set forth in Paragraph 23, and on that basis, denies them.

24. The allegations in Paragraph 24 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable denies that it causes the so-called Trackers to be installed on visitors' browsers, as it understands Plaintiff uses that term. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations set forth in Paragraph 24 and denies them on that basis.

25. Paragraph 25 contains one or more legal conclusions to which no response is required. To the extent a response is required, Mashable admits that it is not a law-enforcement entity and is therefore unable to obtain a court order under California's Pen Register Act. Except as expressly admitted, Mashable otherwise denies the allegations in Paragraph 25.

### A. The Mechanics And Privacy Implications Of IP Addresses

26. Mashable admits that an IP address is a numerical label that is assigned to an Internet-connected device that uses the Internet Protocol to exchange information. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations set forth in Paragraph 26 and denies them on that basis.

27. Mashable admits that an IP address is necessary for information exchange that occurs with an Internet-connected device that uses the Internet Protocol. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 27 and denies them on that basis.

1. *Differentiating Between A Public Versus Private IP Address*

28. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 28 and denies them on that basis.

29. The allegations in Paragraph 29 are conclusory, argumentative, and vague, and Mashable denies them on that basis.

30. The allegation in the first sentence of Paragraph 30 is conclusory and vague, and Mashable denies the allegation on that basis. Mashable has insufficient knowledge or information to admit or deny the remaining allegations in Paragraph 30 and denies them on that basis.

31. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 31 and denies them on that basis.

32. The allegations in Paragraph 32 are conclusory and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 32 and denies them on that basis.

33. The allegations in Paragraph 33 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 33 and denies them on that basis.

34. The allegations in the first and second sentences of Paragraph 32 are conclusory and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the remaining allegations in Paragraph 34 and denies them on that basis.

35. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the points asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 35 and further denies them on that basis.

36. The allegations in Paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 36.

37. The allegations in Paragraph 37 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 37.

38. The allegations in Paragraph 38 are legal conclusions to which no response is required. To the extent a response is required, Mashable admits that an Internet-connected device that uses the Internet Protocol to exchange information ordinarily cannot send or receive information or access information on the Internet without the use of an IP address. Mashable denies that an IP address as alleged is "routing" or "signaling" information. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the points asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 38 and further denies them on that basis.

2. *The Privacy Implications Of Public IP Addresses*

39. The allegations in Paragraph 39 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 39 and denies them on that basis.

40. The allegations in Paragraph 40 are argumentative, conclusory, and vague, and Mashable denies them on that basis. The allegation that IP addresses can be used to "personally identify individuals" contains a legal conclusion to which no response is required. To the extent that the quoted documents are publicly available at the URLs provided, the documents speak for themselves. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 40 and further denies them on that basis.

41. The allegations in Paragraph 41 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted documents are publicly available at the URLs provided, the documents speak for themselves. Mashable denies that Plaintiff's selective quotations are complete or provide full context, or that the quoted source is authoritative as to the points asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 41 and further denies them on that basis.

42. The allegations in Paragraph 42 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 42 and further denies them on that basis.

43. The allegations in Paragraph 43 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 43 and further denies them on that basis.

44. The allegations in Paragraph 44 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 44 and further denies them on that basis.

45. The allegations in Paragraph 45 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 45 and further denies them on that basis.

46. The allegations in Paragraph 46 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 46 and further denies them on that basis.

47. The allegations in Paragraph 47 are legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 47 are argumentative, conclusory, and vague, and Mashable denies them on that basis.

48. The allegations in Paragraph 48 are legal conclusions to which no response is required. To the extent a response is required and to the extent the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 48 and further denies them on that basis.

**B. The Trackers Are "Pen Registers"**

49. The allegations in Paragraph 49 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent a response is required and to the extent that the quoted document is publicly available at the URL provided, the document speaks for itself.

Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 49 and further denies them on that basis.

50. The allegations in Paragraph 50 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent a response is required, and to the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 50 and further denies them on that basis.

51. The allegations in Paragraph 51 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent a response is required, and to the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 51 and further denies them on that basis.

52. The allegations in Paragraph 52 are vague, argumentative, and contain legal conclusions to which no response is required. To the extent a response is required, Mashable admits that it utilizes third-party technologies on the Website for various purposes as set out in its privacy policies, including for advertising and analytics purposes. However, Mashable denies that it causes the so-called Trackers to be installed on Plaintiff's or other visitors' browsers, as it understands Plaintiff uses that term. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 52 and denies them on that basis.

53. The allegations in Paragraph 53 are vague, argumentative, and contain legal conclusions to which no response is required. To the extent a response is required, Mashable admits that it utilizes third-party technologies on the Website for various purposes as set out in its privacy

policies, including for advertising and analytics purposes. However, Mashable denies that it causes the so-called Trackers to be installed on Plaintiff's or other visitors' browsers, as it understands Plaintiff uses that term. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 53 and denies them on that basis.

54. The allegations in Paragraph 54 are vague, argumentative, and contain legal conclusions to which no response is required. To the extent a response is required, Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 54 and denies them on that basis.

55. The allegations in Paragraph 55 are vague, argumentative, and contain legal conclusions to which no response is required. To the extent a response is required, Mashable admits that it utilizes third-party technologies on the Website for various purposes as set out in its privacy policies. Mashable further admits that it derives revenue from displaying advertisements to Website visitors and that this is how Mashable is able to provide news and other content to Website visitors without charging a fee. Mashable otherwise denies the allegations in Paragraph 55.

56. The allegations in Paragraph 56 are legal conclusions to which no response is required. To the extent a response is required, Mashable admits that it is not a law-enforcement entity and is therefore unable to obtain a court order under California's Pen Register Act. Mashable otherwise denies the allegations in Paragraph 56.

1. *The ADNXS Tracker And The Data Brokers Partners It Cookie Syncs With*

57. Mashable admits that it has utilized the ADNXS Tracker for advertising purposes, consistent with Mashable's privacy policies. Mashable denies that it paid a fee in exchange for receipt of the ADNXS Tracker, as it understands Plaintiff to be using that term. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 57 and denies them on that basis.

58. Mashable denies that the quoted source is presently publicly available at the URL provided. To the extent the quoted source was once publicly available at the URL, Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies

Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 58 and further denies them on that basis.

59. The allegations in Paragraph 59 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 59 and further denies them on that basis.

60. The allegations in Paragraph 60 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 60 and further denies them on that basis.

61. The allegations in Paragraph 61 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 61 and further denies them on that basis.

62. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 62 and denies them on that basis.

63. The allegations in Paragraph 63 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 63 and further denies them on that basis.

64. The allegations in Paragraph 64 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 64 and further denies them on that basis.

65. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 65 and denies them on that basis.

66. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 66 and denies them on that basis.

67. The allegations in Paragraph 67 are conclusory and vague, and Mashable denies

them on that basis. Mashable denies that the quoted source is presently publicly available at the URLs provided. To the extent the quoted source was once publicly available at the URLs, Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 67 and further denies them on that basis.

68. The allegations in Paragraph 68 are conclusory and vague, and Mashable denies them on that basis. Mashable denies that the quoted source is presently publicly available at the URLs provided. To the extent the quoted source was once publicly available at the URLs, Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 68 and further denies them on that basis.

69. The allegations in Paragraph 69 are conclusory and vague, and Mashable denies them on that basis. To the extent that the quoted documents are publicly available at the URLs provided, the documents speak for themselves. Mashable denies that Plaintiff's selective quotations are complete or provide full context, or that the quoted sources are authoritative as to the points asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 69 and further denies them on that basis.

70. The allegations in Paragraph 70 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 70 and further denies them on that basis.

**(i) <u>Tapad</u>**

71. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 71 and denies them on that basis.

72. Mashable denies that the quoted source is presently publicly available at the URL provided. To the extent the quoted source was once publicly available at the URL, Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information

to admit or deny the allegations in Paragraph 72 and denies them on that basis.

73. Mashable denies that the quoted source is presently publicly available at the URL provided. To the extent the quoted source was once publicly available at the URL, Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 73 and denies them on that basis.

74. Mashable denies that the quoted source is presently publicly available at the URL provided. To the extent the quoted source was once publicly available at the URL, Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 74 and denies them on that basis.

**(ii) <u>PubMatic</u>**

75. To the extent that the quoted documents are publicly available at the URLs provided, the documents speak for themselves. Mashable denies that Plaintiff's selective quotations are complete or provide full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 75 and denies them on that basis.

76. The allegations in Paragraph 76 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 76 and further denies them on that basis.

77. The allegations in Paragraph 77 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 77 and further denies them on that basis.

78. The allegations in Paragraph 78 are legal conclusions to which no response is required. To the extent a response is required, the cited cases, which Paragraph 78 quotes selectively and incompletely, speak for themselves. To the extent a further response is required, Mashable denies all the allegations and characterizations in Paragraph 78.

79. The allegations in Paragraph 79 are legal conclusions to which no response is

required. To the extent a response is required, the cited cases, which Paragraph 79 quotes selectively and incompletely, speak for themselves. To the extent a further response is required, Mashable denies all the allegations and characterizations in Paragraph 79.

80. The allegations in Paragraph 80 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 80.

81. The allegations in Paragraph 81 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 81.

2. *The PubMatic Tracker And The Data Broker Partners It Cookie Syncs With*

82. Mashable admits that it has utilized the PubMatic Tracker on the Website for advertising purposes, consistent with Mashable's privacy policies. Mashable denies that it paid a fee in exchange for receipt of the PubMatic Tracker, as it understands Plaintiff uses that term. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 82 and denies them on that basis.

83. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotations are complete or provide full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise insufficient knowledge or information to admit or deny the allegations in Paragraph 83 and denies them on that basis.

84. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 84 and denies them on that basis.

85. The allegations in Paragraph 85 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent a response is required, Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 85 and denies them on that basis.

86. Mashable denies that the quoted excerpt accurately represents the text in the cited document and submits that the document speaks for itself. Mashable further denies that Plaintiff's selective quotations are complete or provide full context, and Mashable denies Plaintiff's

characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 86 and denies them on that basis.

87. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 87 and denies them on that basis.

88. The allegations in Paragraph 88 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent a response is required, Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 88 and denies them on that basis.

89. The allegations in Paragraph 89 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent a response is required, Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 89 and denies them on that basis.

90. The allegations in Paragraph 90 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent a response is required, Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 90 and denies them on that basis.

91. The allegations in Paragraph 91 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent a response is required, Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 91 and denies them on that basis.

**(i) <u>Tapad</u>**

92. The allegations in Paragraph 92 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent a response is required, Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 92 and denies them on that basis.

**(ii) <u>OpenX</u>**

93. The allegations in Paragraph 93 are conclusory and vague, and Mashable denies them on that basis. To the extent a response is required and to the extent the quoted documents are

publicly available at the URL provided, the documents speak for themselves. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 93 and further denies them on that basis.

94. The allegations in Paragraph 94 are conclusory, and Mashable denies them on that basis. To the extent a response is required and to the extent the quoted documents are publicly available at the URL provided, the documents speak for themselves. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 94 and further denies them on that basis.

95. The allegations in Paragraph 95 are conclusory and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 95 and further denies them on that basis.

96. The allegations in Paragraph 96 are conclusory and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 96 and further denies them on that basis.

97. The allegations in Paragraph 97 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's characterization of the source is complete or provides full context. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 97 and further denies them on that basis.

98. The allegations in Paragraph 98 are argumentative, conclusory, and vague, and

Mashable denies them on that basis. Mashable denies that the quoted source is presently publicly available at the URL provided. To the extent the quoted source was once publicly available at the URL, Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 98 and further denies them on that basis.

**(iii) <u>Epsilon</u>**

99. The allegations in Paragraph 99 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Furthermore, Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 99 and also denies them on that basis.

100. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's characterization of the source is complete or provides full context. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 100 and further denies them on that basis.

101. To the extent that the quoted documents are publicly available at the URLs provided, the documents speak for themselves. Mashable denies that Plaintiff's characterization of the sources is complete or provides full context. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 101 and further denies them on that basis.

102. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's characterization of the source is complete or provides full context. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 102 and further denies them on that basis.

103. The allegations in Paragraph 103 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's characterization of the source is complete or provides full context. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 103 and further denies them on that basis.

104. The allegations in Paragraph 104 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 104 and further denies them on that basis.

105. The allegations in Paragraph 105 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 105.

106. The allegations in Paragraph 106 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 106.

107. The allegations in Paragraph 107 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations of Paragraph 107.

108. The allegations in Paragraph 108 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 108.

3. *The Bounce Exchange Tracker*

109. Mashable admits that it has utilized the Wunderkind Tracker on the Website for advertising purposes, consistent with Mashable's privacy policies. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 109 and denies them on that basis.

110. The allegations in Paragraph 110 are conclusory and vague, and Mashable denies them on that basis. To the extent that the quoted documents are publicly available at the URLs provided, the documents speak for themselves. Mashable denies that Plaintiff's characterization of the source is complete or provides full context. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 110 and further denies them on that basis.

111. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's characterization of the source is complete or provides full context. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 111 and further denies them on that basis.

112. The allegations in Paragraph 112 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 112 and further denies them on that basis.

113. The allegations in Paragraph 113 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 113 and further denies them on that basis.

114. The allegations in Paragraph 114 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 114 and further denies them on that basis.

115. The allegations in Paragraph 115 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 115 and further denies them on that basis.

116. The allegations in Paragraph 116 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 116 and further denies them on that basis.

117. The allegations in Paragraph 117 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 117 and further denies them on that basis.

118. The allegations in Paragraph 118 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 118.

119. The allegations in Paragraph 119 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 119.

120. The allegations in Paragraph 120 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 120.

121. The allegations in Paragraph 121 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 121.

## III. DEFENDANT'S CONDUCT CONSTITUTES AN INVASION OF PLAINTIFF'S AND CLASS MEMBERS' PRIVACY

122. The allegations in Paragraph 122 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 122.

123. The allegations in Paragraph 123 are legal conclusions to which no response is

required. To the extent a response is required, the allegations in Paragraph 123 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 123 and further denies them on that basis.

124. The allegations in Paragraph 124 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 124 are argumentative, conclusory, and vague, and Mashable denies them on that basis.

125. The allegations in Paragraph 125 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 125 are argumentative, conclusory, and vague, and Mashable denies them on that basis.

**A. Data Brokers And Real-Time Bidding: The Information Economy**

1. *Data Brokers*

126. The allegations in Paragraph 126 are legal conclusions to which no response is required. To the extent a response is required, Cal. Civ. Code § 1798.99.80(c), which Paragraph 126 quotes selectively and incompletely, speaks for itself, and Mashable denies all the allegations and characterizations in Paragraph 126.

127. The allegations in Paragraph 127 are legal conclusions to which no response is required. To the extent a response is required, Cal. Civ. Code § 1798.99.82(a), which Paragraph 127 quotes selectively and incompletely, speaks for itself, and Mashable denies all the allegations and characterizations in Paragraph 127. To the extent a further response is required, Mashable has insufficient knowledge or information to admit or deny the allegations regarding Wunderkind and PubMatic's registrations under Cal. Civ. Code § 1798.99.82(a).

128. The allegations in Paragraph 128 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted documents are publicly available at the URLs provided, the documents speak for themselves. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted sources are authoritative as to the points asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph

128 and denies them on that basis.

129. The allegations in Paragraph 129 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 129 and denies them on that basis.

130. The allegations in Paragraph 130 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 130 and denies them on that basis.

131. The allegations in Paragraph 131 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 131 and denies them on that basis.

132. The allegations in Paragraph 132 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 132 and denies

them on that basis.

133. The allegations in Paragraph 133 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 133 and denies them on that basis.

134. The allegations in Paragraph 134 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's characterization of the content of the cited source is accurate, complete, or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 134 and denies them on that basis.

135. The allegations in Paragraph 135 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 135 and denies them on that basis.

136. The allegations in Paragraph 136 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 136 and denies

them on that basis.

137. The allegations in Paragraph 137 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 137 and denies them on that basis.

138. The allegations in Paragraph 138 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 138 and denies them on that basis.

139. The allegations in Paragraph 139 are legal conclusions to which no response is required. To the extent a response is required, allegations in Paragraph 139 are argumentative, conclusory, and vague, and Mashable denies them on that basis.

2. *Real-Time Bidding*

140. The allegations in Paragraph 140 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 140 and denies them on that basis.

141. The allegations in Paragraph 141 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 141 and denies them on that basis.

142. The allegations in Paragraph 142 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted documents are publicly available at the URLs provided, the documents speak for themselves. Mashable denies that Plaintiff's selective quotations are complete or provide full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 142 and denies them on that basis.

143. The allegations in Paragraph 143 are argumentative, conclusory, and vague, and

Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 143 and denies them on that basis.

144. The allegations in Paragraph 144 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 144 and denies them on that basis.

145. The allegations in Paragraph 145 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 145 and denies them on that basis.

146. The allegations in Paragraph 146 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 146 and denies them on that basis.

147. The allegations in Paragraph 147 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 147 and denies them on that basis.

148. The allegations in Paragraph 148 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 148 and denies them on that basis.

149. The allegations in Paragraph 149 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective

quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 149 and denies them on that basis.

150. The allegations in Paragraph 150 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 150 and denies them on that basis.

151. The allegations in Paragraph 151 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 151 are argumentative, conclusory, and vague, and Mashable denies them on that basis.

152. The allegations in Paragraph 152 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 152 and denies them on that basis.

153. The allegations in Paragraph 153 are legal conclusions to which no response is required. To the extent a response is required, the cited cases, which Paragraph 153 quotes selectively and incompletely, speak for themselves, and Mashable denies all the allegations and characterizations in Paragraph 153.

3. *Cookie Syncing*

154. The allegations in Paragraph 154 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 154 and denies them on that basis.

155. The allegations in Paragraph 155 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted sources are publicly available at the URLs provided, Mashable respectfully refers the Court to the sources themselves for their full

context and substance. Mashable denies that Plaintiff's selective quotations are complete or provide full context, or that the quoted sources are authoritative as to the points asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 155 and denies them on that basis.

156. The allegations in Paragraph 156 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the points asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 156 and further denies them on that basis.

157. The allegations in Paragraph 157 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the points asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 157 and further denies them on that basis.

158. The allegations in Paragraph 158 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the points asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 158 and further denies them on that basis.

159. The allegations in Paragraph 159 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective

quotation is complete or provides full context, or that the quoted source is authoritative as to the points asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 159 and further denies them on that basis.

160. The allegations in Paragraph 160 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 160 and further denies them on that basis.

* * *

161. The allegations in Paragraph 161 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 161 and further denies them on that basis.

162. The allegations in Paragraph 162 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 162 and further denies them on that basis.

163. The allegations in Paragraph 163 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 163 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Additionally, Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 163 and further denies them on that basis.

164. The allegations in Paragraph 164 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 164 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Additionally, Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 164 and further denies them on that basis.

### B. Defendant Uses The ADNXS Tracker For Targeted Advertising And Data Monetization

165. The allegations in Paragraph 165 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at

the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 165 and further denies them on that basis.

166. The allegations in Paragraph 166 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the points asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 166 and further denies them on that basis.

167. The allegations in Paragraph 167 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 167 and further denies them on that basis.

168. The allegations in Paragraph 168 are conclusory and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 168 and further denies them on that basis.

169. The allegations in Paragraph 169 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 169 on the basis that they are argumentative, conclusory, and vague. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 169, and therefore denies them on that basis.

170. The allegations in Paragraph 170 are conclusory and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof.

171. The allegations in Paragraph 171 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 171 on the basis that they are argumentative, conclusory, and vague. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore also denies them on that basis.

### C. Defendant Uses The PubMatic Tracker For Targeted Advertising, Identity Resolution, And Data Monetization

172. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

173. The allegations in Paragraph 173 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

174. The allegations in Paragraph 174 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

175. The allegations in Paragraph 175 are conclusory and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

176. The allegations in Paragraph 176 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable denies that the quoted source is presently publicly available at the URL provided. To the extent the quoted source was once publicly available at the URL, Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

177. The allegations in Paragraph 177 are argumentative, conclusory, and vague, and Mashable denies them on that basis. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

178. The allegations in Paragraph 178 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

179. The allegations in Paragraph 179 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

180. The allegations in Paragraph 180 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 180 on the basis that they are argumentative, conclusory, and vague. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

**D. Defendant Uses The Bounce Exchange Tracker For Targeted Advertising, Identity Resolution, And Data Monetization**

181. The allegations in Paragraph 181 are conclusory and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

182. The allegations in Paragraph 182 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

183. The allegations in Paragraph 183 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

184. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or

provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations and therefore denies them on that basis.

185. The allegations in Paragraph 185 are argumentative, conclusory, and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations and therefore denies them on that basis.

186. The allegations in Paragraph 186 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 186 on the basis that they are argumentative, conclusory, and vague. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

## IV. PLAINTIFF'S EXPERIENCE

187. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 187 and denies them on that basis.

188. The allegations in Paragraph 188 are legal conclusions to which no response is required. To the extent a response is required, Mashable admits that it utilizes third-party technologies on the Website for various purposes as set out in its privacy policies. Mashable denies that it causes the so-called Trackers to be installed on visitors' browsers, as it understands Plaintiff uses that term. Mashable otherwise denies the allegations in Paragraph 188 on the basis that they are argumentative, conclusory, and vague. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 188 and denies them on that basis.

189. The allegations in Paragraph 189 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 189 on the basis that they are argumentative, conclusory, and vague. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that

basis.

190. The allegations in Paragraph 190 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 190 on the basis that they are argumentative, conclusory, and vague. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

191. The allegations in Paragraph 191 are legal conclusions to which no response is required. To the extent a response is required, Mashable admits that it did not obtain a court order authorizing the installation of a pen register, but otherwise denies all allegations that it has ever operated, used, or installed a pen register, and further denies the remaining allegations of Paragraph 191, including that Mashable was otherwise required to obtain a court order and that Plaintiff did not provide consent.

192. The allegations in Paragraph 192 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 192.

## V. DEFENDANT IS SUBJECT TO JURISDICTION IN CALIFORNIA

193. The allegations in Paragraph 193 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 193.

### A. Defendant'as Website Is Hosted In California, And Defendant Employs CDNs In California To Speed Up Delivery To California Users

194. The allegations in Paragraph 194 are legal conclusions to which no response is required. Mashable denies that it expressly aimed its conduct at California. To the extent an additional response is required, Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 194 and denies them on that basis.

195. The allegations in Paragraph 195 are conclusory and vague, and Mashable denies them on that basis. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted source is authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof, Mashable otherwise has insufficient

knowledge or information to admit or deny the allegations in Paragraph 195 and denies them on that basis.

196. Mashable admits that, from time to time, it uses CDNs, including CloudFlare, to make site access faster and more reliable for visitors, including visitors in California. Mashable admits that some of these CDNs have servers located in California. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 196 and denies them on that basis.

197. Mashable admits that, from time to time, it utilizes CDNs with servers based in California. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 197 and denies them on that basis.

198. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 198 and denies them on that basis.

199. Mashable admits that, from time to time, it uses CDNs to make site access faster and more reliable for visitors, including visitors in California. Mashable admits that some of these CDNs have servers located in California. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 199 and denies them on that basis.

200. Mashable has insufficient knowledge or information to admit or deny the allegations in Paragraph 200 and denies them on that basis.

201. Mashable admits that, from time to time, it uses CDNs to make site access faster and more reliable for visitors, including visitors in California. Mashable admits that some of these CDNs have servers located in California. Mashable otherwise denies the allegations in Paragraph 201 on the basis that they are argumentative, conclusory, and vague. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

### B. Defendant Knowingly Installs The Trackers On Californians' Browsers, And Knowingly Profits From The Selling And Sharing Of Californians' Personal Information

202. Mashable admits that it utilizes third-party technologies on the Website for various

purposes as set out in its privacy policies, including for advertising and analytics purposes. Mashable further admits that it derives revenue from displaying advertisements to Website visitors, including through "real-time bidding," and that this is how Mashable is able to provide news and other content to Website visitors without charging a fee. Except as expressly admitted, Mashable otherwise denies the allegations in Paragraph 202 on the basis that they are argumentative, conclusory, and vague. Mashable further denies Plaintiff's characterizations of Mashable's conduct. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations and further denies them on that basis.

203. Mashable admits that it utilizes third-party technologies on the Website for various purposes as set out in its privacy policies, including for advertising and analytics purposes. Mashable further admits that it derives revenue from advertising. Except as expressly admitted, Mashable otherwise denies the allegations in Paragraph 203 on the basis that they are argumentative, conclusory, and vague. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations and further denies them on that basis.

204. Mashable denies the allegations in Paragraph 204 on the basis that they contain legal conclusions to which no response is required, and are argumentative, conclusory, and vague. To the extent a response is required, Mashable has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

205. Mashable admits that it utilizes third-party technologies on the Website for various purposes as set out in its privacy policies, including for advertising and analytics purposes. Mashable further admits that at certain times these technologies may have been used to serve advertising to Website visitors located in California. Mashable further admits that at certain times these third-party technologies have included software provided by PubMatic. Except as expressly admitted, Mashable denies the allegations in Paragraph 205 on the basis that they are argumentative, conclusory, and vague, and contain legal conclusions to which no response is required. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations and therefore further denies them on that basis.

206. The allegations in Paragraph 206 are legal conclusions to which no response is

required. To the extent a response is required, Mashable denies the allegations in Paragraph 206 on the basis that they are argumentative, conclusory, and vague. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations and therefore further denies them on that basis.

207. Mashable denies the allegations in Paragraph 207 on the basis that they are argumentative, conclusory, and vague. To the extent that the quoted documents are publicly available at the URL provided, the documents speak for themselves. Mashable denies that Plaintiff's selective quotation is complete or provides full context, or that the quoted sources are authoritative as to the point asserted, and Mashable denies Plaintiff's characterization thereof. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

208. Mashable denies the allegations in Paragraph 208 on the basis that they are argumentative, conclusory, and vague. To the extent that the quoted document is publicly available at the URL provided, the document speaks for itself. Mashable denies that Plaintiff's selective quotation is complete or provides full context, and Mashable denies Plaintiff's characterization thereof.

209. The allegations in Paragraph 209 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 209 on the basis that they are argumentative, conclusory, and vague. Mashable otherwise has insufficient knowledge or information to admit or deny these allegations, and therefore denies them on that basis.

* * *

210. The allegations in Paragraph 210 are legal conclusions to which no response is required. Mashable denies that it expressly aimed its conduct at California. To the extent an additional response is required, Mashable responds that the cited cases, which Paragraph 210 quotes selectively and incompletely, speak for themselves and denies all other allegations in Paragraph 210.

**CLASS ALLEGATIONS**

211. Mashable admits that Plaintiff seeks to represent a putative class described in Paragraph 211. Mashable denies that class certification is appropriate. Mashable denies that Plaintiff and the putative class are entitled to any relief. The remaining allegations in Paragraph 211 are legal conclusions to which no response is required. To the extent a response is required, and except as expressly admitted, Mashable denies the remaining allegations in Paragraph 211.

212. Mashable admits that Plaintiff seeks to exclude the individuals and entities identified in Paragraph 212 from the definitions of the putative class that Plaintiff seeks to represent. Mashable denies that class certification is appropriate as to the putative class. Mashable denies that Plaintiff and the putative class are entitled to any relief.

213. Mashable admits that Plaintiff purports to bring this action individually and on behalf of a putative class, as described in Paragraphs 211-212. Mashable denies that class certification is appropriate as to the putative class. Mashable denies that Plaintiff and the putative class are entitled to any relief. Mashable denies that membership in the putative class is "identifiable from Defendant's records." The remaining allegations in Paragraph 213 are legal conclusions to which no response is required. To the extent a response is required, and except as expressly admitted, Mashable denies the remaining allegations in Paragraph 213.

214. Mashable admits that Plaintiff purports to bring this action individually and on behalf of a putative class, as described in Paragraphs 211-212. Mashable denies that class certification is appropriate as to the putative class. Mashable denies that Plaintiff and the putative class are entitled to any relief. Mashable denies that the "questions" listed in Paragraph 214 are "common" questions that could be resolved on a class-wide basis. The remaining allegations in Paragraph 214 are legal conclusions to which no response is required. To the extent a response is required, and except as expressly admitted, Mashable denies the remaining allegations in Paragraph 214.

215. Mashable admits that Plaintiff purports to bring this action individually and on behalf of a putative class, as described in Paragraphs 211-212. Mashable denies that class certification is appropriate as to the putative class. Mashable denies that Plaintiff and the putative

class are entitled to any relief. Mashable denies that Plaintiff's claims are typical of the claims of members of the putative class. The remaining allegations in Paragraph 215 are legal conclusions to which no response is required. To the extent a response is required, and except as expressly admitted, Mashable denies the allegations in Paragraph 215.

216. The allegations in Paragraph 216 are legal conclusions to which no response is required. To the extent a response is required, and except as expressly admitted, Mashable denies the allegations in Paragraph 216 on the basis that they are conclusory and vague. Mashable furthermore has insufficient knowledge or information to admit or deny the allegations in Paragraph 216, and therefore denies them on that basis.

217. Paragraph 217 contains legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 217.

## **CAUSES OF ACTION**

## **COUNT I**

Violation Of The California Invasion Of Privacy Act,

Cal. Penal Code § 638.51(a)

218. Mashable incorporates its answers to the allegations in Paragraphs 1-217. Except as expressly admitted, Mashable denies the allegations in Paragraph 218.

219. Mashable admits that Plaintiff purports to bring this action individually and on behalf of a putative class, as described in Paragraphs 211-212. Mashable denies that class certification is appropriate as to the putative class. Mashable further denies that Plaintiff and the putative class are entitled to any relief.

220. The allegations in Paragraph 220 are legal conclusions to which no response is required. To the extent a response is required, Cal. Penal Code § 638.51(a), which Paragraph 220 quotes selectively and incompletely, speaks for itself, and Mashable denies all the allegations and characterizations in Paragraph 220.

221. The allegations in Paragraph 221 are legal conclusions to which no response is required. To the extent a response is required, Cal. Penal Code § 638.50(b), which Paragraph 221

quotes selectively and incompletely, speaks for itself, and Mashable denies all the allegations and characterizations in Paragraph 221.

222. The allegations in Paragraph 222 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 222.

223. The allegations in Paragraph 223 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 223.

224. The allegations in Paragraph 224 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 224.

225. The allegations in Paragraph 225 are legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 225.

226. The allegations in Paragraph 226 are vague, argumentative, and contain legal conclusions to which no response is required. To the extent a response is required, Mashable admits that it utilizes third-party technologies on the Website for various purposes as set out in its privacy policies, including for advertising and analytics purposes. Mashable further admits that it derives revenue from advertising. Mashable otherwise has insufficient knowledge or information to admit or deny the allegations in Paragraph 226 and denies them on that basis.

227. The allegations in Paragraph 227 are vague, argumentative, and contain legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations in Paragraph 227.

228. Paragraph 228 states legal conclusions to which no response is required. To the extent a response is required, Mashable admits that the third-party technology referred to does not collect the content of electronic communications. Mashable also responds that the cited case, which Paragraph 228 quotes selectively and incompletely, speaks for itself. Mashable otherwise denies the allegations of Paragraph 228.

229. Paragraph 229 states legal conclusions to which no response is required. To the extent a response is required, Mashable admits that it cannot obtain a court order authorizing the installation of a pen register because Mashable is not a law-enforcement entity. Mashable denies that Plaintiff and Class Members did not provide consent. Mashable otherwise denies the remaining

allegations of Paragraph 229, including that Mashable was otherwise required to obtain a court order.

230. Paragraph 230 states legal conclusions to which no response is required. To the extent a response is required, Mashable denies the allegations of Paragraph 230.

## PRAYER FOR RELIEF

Answering the prayer for relief, Mashable denies that Plaintiff and the putative class members are entitled to any relief whatsoever and specifically denies each of the requests for relief enumerated in the SAC.

## JURY DEMAND

Mashable admits that Plaintiff demands a trial by jury and Mashable likewise demands a jury trial as to all matters so triable.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Mashable further responds to Plaintiff's SAC by alleging the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The sole purported cause of action in the SAC fails to state facts sufficient to constitute a claim upon which relief can be granted against Mashable.

### SECOND AFFIRMATIVE DEFENSE

### (Express or Implied Consent / Acquiescence)

Plaintiff's and putative class members' claims are barred, in whole or in part, because of users' consent to, or authorization of, Mashable's alleged conduct including by consent to Mashable's website's privacy policy or by their use of Mashable's website with actual or constructive notice and/or knowledge that the alleged conduct was occurring, which bars the claims in the SAC.

**THIRD AFFIRMATIVE DEFENSE**

**(Justification)**

To the extent Mashable engaged in any of the acts alleged by Plaintiff and putative class members, Mashable was justified in doing so because Plaintiff and putative class members visited Mashable's website and requested to experience its website in the way it was programmed with all of the benefits that come with that. One of those benefits is that the website would share information about the visit in a way that would allow the website to improve its functionality and enable users to be shown ads and marketing that were of greater value to users than the ads and marketing they would have otherwise experienced.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver or Estoppel)**

The sole purported cause of action contained in the SAC is barred because Plaintiff and/or members of the putative class whom Plaintiff seeks to represent waived the claims they now assert or are estopped by their conduct from asserting such claims. Plaintiff and putative class members visited and continued to visit the website with full knowledge of the alleged conduct, which is common to the broad majority of websites and has been subject to extensive discussion and commentary in government documents, news stories, and other publicly available media. Plaintiff and putative class members continued to visit the website even though they could have adjusted their privacy settings, exercised their rights under operative privacy statutes (including rights to opt out), or taken other steps to prevent or address any alleged harm. In so doing, Plaintiff and putative class members waived any claims associated with the alleged conduct.

**FIFTH AFFIRMATIVE DEFENSE**

**(Ratification and Acquiescence)**

The claims are barred in whole or in part by the doctrines of ratification and acquiescence. Upon information and belief, Plaintiff participated in the conduct of which she now complains by accessing services offered by Mashable, including after she knew or should have known of the conduct alleged in the SAC. As a result, Plaintiff is barred from bringing claims under the doctrines of ratification and acquiescence.

**SIXTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

The claims are barred in whole or in part by the doctrine of assumption of risk. Upon information and belief, Plaintiff and/or members of the putative class understood and implicitly consented to encounter an inherent and known risk. As a result, Plaintiff and/or the putative class members are barred from bringing claims under the doctrine of assumption of risk.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Expectation of Privacy)**

The SAC and the claims alleged therein are barred, in whole or in part, because Plaintiff and the putative class do not maintain a legally protected privacy interest over any data alleged to have been impermissibly collected, and Plaintiff's and the putative class's continued access and use of Mashable's website eliminated any reasonable expectation of privacy over any such data.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Article III Standing)**

Plaintiff and/or the members of the putative class Plaintiff seeks to represent lack a concrete injury required to satisfy the standing requirements of Article III of the United States Constitution.

**NINTH AFFIRMATIVE DEFENSE**

**(No Injury)**

Plaintiff and/or the members of the putative class whom Plaintiff purports to represent cannot state a claim because none has suffered any injury or damages whatsoever.

**TENTH AFFIRMATIVE DEFENSE**

**(No Liability for the Actions of Third Parties)**

Plaintiff's and the putative class members' claims, and any damages therefore, are predicated on the alleged acts or omissions of other persons or entities. CIPA's pen register provisions do not provide for secondary or aiding-and-abetting liability, and Plaintiff and putative class members cannot state a claim against Mashable for the alleged actions of third parties, whose conduct Mashable is not legally responsible for.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Applicable Exceptions)**

Plaintiff's and the putative class members' claims are barred in whole or in part because one or more of the exceptions set out in Cal. Penal Code § 638.51(b) applies.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's and the putative class members' claims for damages are barred, in whole or in part, to the extent they failed to mitigate their damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Due Process / Grossly Unproportional Statutory Damages)**

Plaintiff's claims for relief, including Plaintiff's claims for statutory damages, are barred in whole or in part by the Due Process Clause of the United States Constitution. Plaintiff alleges that she and the members of the putative class she seeks to represent are each entitled to recover $5,000 in statutory damages for each alleged violation of CIPA. Plaintiff further alleges that "thousands, if not millions of persons" fall within the putative class definitions. SAC ¶ 51. However, Plaintiff and the individuals whom she seeks to represent have not suffered any injury, damage, or disadvantage due to Mashable's alleged conduct. The disparity between the lack of injury to Plaintiff and the individuals whom she seeks to represent, on one hand, and the potentially exorbitant statutory damages available under CIPA, on the other hand, is so grossly excessive and disproportionate as to constitute a violation of due process.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Dormant Commerce Clause)**

Plaintiff's claims are barred in whole or in part by the Dormant Commerce Clause of the United States Constitution. If CIPA is interpreted in the sweeping manner Plaintiff asserts in the

SAC, then CIPA would have the practical effect of regulating broad swaths of conduct—including but not limited to conduct by Mashable—occurring wholly outside of California. Relatedly, CIPA would subject Mashable and other media platforms to inconsistent regulations, burden interstate commerce, and usurp the prerogative of other states to make their own policy choices.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Void for Vagueness)**

The claims of Plaintiff and/or the members of the putative class whom Plaintiff purports to represent are barred because the statutes on which they are based are ambiguous and unclear, and do not impart any notice on Mashable that its conduct would constitute violation of the statutes, and therefore are void because they are unconstitutionally vague.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Rule of Lenity)**

The claims of Plaintiff and/or the members of the putative class whom Plaintiff purports to represent are barred, in whole or in part, because CIPA is grievously ambiguous. Because CIPA is a penal statute, the rule of lenity requires that any ambiguity be resolved in favor of Mashable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The claims of Plaintiff and/or the members of the putative class whom Plaintiff purports to represent are barred, in whole or in part, by the one-year statute of limitations set forth in California Code of Civil Procedure § 340(a).

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

The claims of Plaintiff and/or the members of the putative class whom Plaintiff purports to represent are barred, in whole or in part, by the doctrine of laches.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary or Indispensable Party)**

The SAC, and each of its purported causes of action, is barred in whole or in part because Plaintiff failed to join a necessary or indispensable party.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Class Certification)**

This case is not suitable for class treatment. On information and belief, there are insufficient common questions of law and fact to justify certifying the putative class, and common questions do not predominate over individual questions. Plaintiff cannot fairly and adequately represent the putative class or protect its interests because, among other reasons, she has interests antagonistic to those of the class, and there are defenses unique to Plaintiff. On information and belief, class litigation is not the appropriate or superior means of resolving the alleged controversies because, among other reasons, Plaintiff seeks damages such that individualized litigation of each class members' alleged claims would better suit the needs of fairness and justice.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Arbitration)**

Upon information and belief, the claims of Plaintiff and/or the members of the putative class whom Plaintiff purports to represent are barred, in whole or in part, because Plaintiff and the putative class agreed that all disputes be resolved by binding arbitration, and therefore, Mashable reserves the right to move to stay and compel arbitration pursuant to 9 U.S.C § 3 of the Federal Arbitration Act.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Attorneys' Fees Not Recoverable)**

Plaintiff and/or the members of the putative class whom Plaintiff purports to represent are not entitled to reimbursement of attorneys' fees or costs because there is no applicable law that allows them.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Contradictory State Law Precludes Enforcement)**

The California Consumer Privacy Act as well as the recently enacted law that will require browsers to provide opt outs to Californians confirms that the statute alleged here was never intended to require express opt-in consent to the conduct alleged.

**RESERVATION OF AFFIRMATIVE DEFENSES**

Mashable's investigation is ongoing, and Mashable currently has insufficient knowledge or information to determine whether it may have additional, unstated affirmative defenses. Mashable hereby reserves the right to plead any additional and further affirmative defenses.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Mashable prays for the following relief:

1. That Plaintiff recovers nothing by reason of the SAC, and that judgment be rendered in favor of Mashable;

2. That Plaintiff be denied class certification;

3. That Mashable be awarded its costs of suit incurred in defense of this action, including reasonable attorneys' fees; and

4. For other such relief as the Court deems proper.

**JURY DEMAND**

Mashable demands a jury on all issues triable by jury.

Dated: December 8, 2025

**PERKINS COIE LLP**

By: */s/ James G. Snell*
James G. Snell
Mikella M. Hurley
Timothy M. Carter

Attorneys for Defendant MASHABLE, INC.