IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAWN FREGOSA,

        Plaintiff,

    v.

MASHABLE, INC.,

        Defendant.

Case No.  25-cv-01094-CRB

**ORDER DENYING MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL**

Plaintiff Dawn Fregosa brought a putative class action against Defendant Mashable, Inc. ("Mashable") under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630, et seq.  Fregosa alleges that Mashable violated the Pen Register Act by embedding third-party trackers on its website.  Mashable previously moved to dismiss Fregosa's Second Amended Complaint.  Dkt. 34.  The Court denied the motion.  Order (dkt. 53).  Mashable now moves to certify for interlocutory appeal and to stay the proceedings.  Mot. (dkt. 56).  For the reasons discussed below, the motion is **DENIED**.[1]  The Court presumes familiarity with the facts and arguments for this order.

Ordinarily, a party may seek review of a district court's rulings only after the entry of final judgment.  See 28 U.S.C. § 1291 (providing that courts of appeal "shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]").  In exceptional circumstances, however, courts may deviate from the final-judgment rule and certify an order for interlocutory review pursuant to 28 U.S.C. § 1292(b).  Section 1292(b) provides a "narrow exception to the final judgment rule" and

---

[1] The Court deems this matter suitable for determination without oral argument.  Civ. L.R. 7-1(b).

"requires the district court to expressly find in writing that all three § 1292(b) requirements are met." Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010). "These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981). These requirements are jurisdictional, and the party seeking certification bears the burden of demonstrating that they have been satisfied. Couch, 611 F.3d at 633. "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The decision to certify an order for interlocutory appeal is a matter within the court's discretion. Spread Your Wings, LLC v. AMZ Grp. LLC, No. 20-CV-03336-VKD, 2020 WL 7122513, at *2 (N.D. Cal. Dec. 4, 2020).

Mashable has failed to demonstrate that extraordinary circumstances warrant an interlocutory appeal. Of the three certification requirements, the Court agrees with Mashable on two of them. The question of whether CIPA's pen register prohibition applies to the software on Mashable's website is indeed controlling. See Mot. at 5. Fregosa's operative complaint explicitly describes the software as "pen registers." See, e.g., SAC (dkt. 30) ¶¶ 49–56, 222. If Mashable's argument on applicability is correct, then Fregosa could lose. See Mot. at 5. Fregosa's response that she could also state a CIPA claim by characterizing the software as a "trap and trace device" is unavailing, since her complaint does not advance that theory and is currently limited to "pen registers." See Opp'n (dkt. 67) at 5; SAC ¶ 222. And on materially advancing the termination of litigation, Fregosa does not seriously argue that immediate appeal could not potentially resolve the case. See Opp'n at 12–13.

Mashable loses the Court on the requirement that there be substantial grounds for differences of opinion. As Fregosa notes, every federal court to tackle the CIPA applicability question has rejected Mashable's position. Opp'n at 3–4; see, e.g., Shah v.

2

United States District Court
Northern District of California

Fandom, Inc., 754 F. Supp. 3d 924, 933 (N.D. Cal. 2024) (denying motion to dismiss claims based on pen registers collecting information such as IP addresses); Camplisson v. Adidas Am., Inc., 2025 WL 3228949, at *8 (S.D. Cal. Nov. 18, 2025) (same).  That is hardly a substantial ground for difference of opinion.  And Mashable pointing to some California trial court decisions favoring its interpretation does not change that calculus.  See Dkts. 78, 79 (statements of recent decisions filed by Mashable); Reply (dkt. 69) at 5–6.  As Judge Lin noted in her own order denying certification on this question, "those opinions are not controlling, even in the California state courts."  Shah v. Fandom, Inc., No. 24-CV-01062-RFL, 2024 WL 6903081, at *2 (N.D. Cal. Dec. 16, 2024) (recognizing that "the state court decisions did not engage in the same extended interpretation of the statutory terms"); see also Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011) ("Our interlocutory appellate jurisdiction does not turn on a prior court's having reached a conclusion adverse to that from which appellants seek relief.").

Mashable's other arguments are also unpersuasive.  Chiefly, Mashable reiterates its issues with the Court's order, such as whether pen registers can capture a calling party's information or whether parties to the communication are exempted from liability.  Reply at 6–11.  But "mere disagreement with the Court's conclusion is insufficient to show that there is a 'substantial ground for difference of opinion.'"  See Steshenko v. Gayrard, No. 13-CV-03400-LHK, 2014 WL 7204784, at *2 (N.D. Cal. Dec. 16, 2014) (citing Couch, 611 F.3d at 633).

Mashable's remaining points center on the novelty of the issue and potential policy implications.  But "novelty alone is insufficient," especially when the Court finds that the grounds for differing opinions are not substantial.  Id.  Moreover, while the Court understands Mashable's concerns regarding potential impacts to other website operators and exposure of liability, the Court finds them to be overstated.[2]  In its order on

---

[2] Organizations acting as amici have asked the Court for leave to file amicus briefs in support of Mashable's motion.  Dkts. 57, 59.  A "district court has broad discretion to permit the filing of amicus briefs" and the Court exercises it now to grant the motions.  Stanley v. Ayers, No. 07-CV-04727-EMC, 2021 WL 121191, at *2 (N.D. Cal. Jan. 13, 2021).  The Court has reviewed the

United States District Court
Northern District of California

Mashable's motion to dismiss, the Court was not painting on a blank canvas.  Order at 4, 9 (collecting cases).  It was not the first to favor Fregosa's interpretation of the Pen Register Act—and certainly not the last.  See, e.g. Lewis v. Magnite, Inc., 2025 WL 3687546, at *13 (C.D. Cal. Dec. 4, 2025) (rejecting motion to dismiss based on substantially the same arguments on pen registers).  Mashable's "prophecy has not come to fruition in the last few years since other courts have interpreted CIPA as this Court" did.  Id.

For the foregoing reasons, Mashable's motion to certify for interlocutory appeal is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 23, 2026

CHARLES R. BREYER
United States District Judge

---

briefs and determines that they reflect concerns similar to what Mashable has already raised—and the Court rejects, especially in light of the unanimity of federal courts on the issue.

4